# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                          **Case No.  6:08-cr-28-Orl-31KRS**

**VIRA HONG**

_____

## ORDER

On February 13, 2008, Vira Hong and Marcus Rogozinski were indicted on three charges:

bank fraud in violation of 18 U.S.C. § 1344, uttering a forged instrument in violation of 18 U.S.C.

§ 514(a)(2), and conspiracy to commit the foregoing.  In simple terms, the government alleged that

Rogozinski and Hong had conspired to create a phony financial instrument resembling a U.S.

Treasury check, in the amount of $10,901,508.17, payable to Rogozinski.  Rogozinski deposited

the "check" in his bank account and, according to the indictment, intended to withdraw the money

and split it with Hong.

The Defendants were tried separately.  The jury returned a guilty verdict against

Rogozinski as to all three charges on June 19, 2008.  (Doc. 97).  On October 7, 2008, the jury in

Hong's case found her guilty on all three counts.  (Doc. 144).  Hong filed post-trial motions on

October 13, 2008, seeking a judgment of acquittal (Doc. 157) or, alternatively, a new trial (Doc.

158).  The Court has also considered Hong's memorandum in support of these motions (Doc. 174)

and the government's memoranda in opposition (Doc. 163 and 180).

Hong argues that there was insufficient evidence for a reasonable jury to conclude that she intended for the check to be deposited (or cashed) by Rogozinski.  Rather, Hong's position, as she testified before the jury, was that the instrument was intended merely to cause her "account" with the U.S. Treasury to be debited, in favor of a credit to Mr. Rogozinski's account.[1]  She contends that it was Rogozinski, on his own, who took the check to his bank and deposited it into his account.

**Standard of Review**

**Rule 29(c)**

In considering a motion for the entry of judgment of acquittal under Federal Rule of Criminal Procedure 29(c), a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction. *See United States v. Sellers*, 871 F.2d 1019, 1020 (11th Cir.1989).  The district court must view the evidence in the light most favorable to the government. *See id.* (citing *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), *superceded by rule on other grounds*, *Bourjaily v. United States*, 483 U.S. 171, 107 S.Ct.

---

[1]This position, and other statements by Hong during the course of these proceedings – such as her attempt to fire her appointed counsel due to his lack of understanding of "UCC Contract Trust" and "the US Bankruptcy of 1933" (Doc. 150 at 1) – are consistent with the nonsensical, UCC-based rhetoric that this Court and others routinely encounter, usually but not always from tax protesters. *See, e.g.*, *United States v. Kahn*, 2004 WL 1089116 (M.D.Fla. 2004) (Hodges, J.) (cataloging defendants' "abusive tax schemes," which included creation of "counterfeit checks and bonds purporting to draw on fictitious accounts held by the Treasury in the customer's name"), *and see Ray v. Williams*, 2005 WL 697041 (D.Or. 2005) (describing so-called "Redemptionist" philosophy, whose adherents "assign an imaginary account number to some sort of direct treasury account, advocate that this direct treasury account has a balance equal to the monetary value the government places on the life of the individual, and then charge against this direct treasury account through the use of fraudulent checks").  *See also Coleman v. C.I.R.*, 791 F.2d 68, 69 (7th Cir. 1986) (Easterbrook, J.) (in tax protester case, noting that "Some people believe with great fervor preposterous things that just happen to coincide with their self-interest.").

2775, 97 L.Ed.2d 144 (1987)).  The court must resolve any conflicts in the evidence in favor of the government, *see United States v. Taylor*, 972 F.2d 1247, 1250 (11th Cir.1992), and must accept all reasonable inferences that tend to support the government's case. *See United States v. Burns*, 597 F.2d 939, 941 (5th Cir.1979).[2]

The court must ascertain whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *See Sellers*, 871 F.2d at 1021 (citing *United States v. O'Keefe*, 825 F.2d 314, 319 (11th Cir.1987)). "'It is not necessary for the evidence to exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt.'" *Sellers*, 871 F.2d at 1021 (quoting *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (*en banc*), *aff'd on other grounds*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983)).  A jury is free to choose among reasonable constructions of the evidence. *See Sellers*, 871 F.2d at 1021. The court must accept all of the jury's "reasonable inferences and credibility determinations." *See id.* (citing *United States v. Sanchez*, 722 F.2d 1501, 1505 (11th Cir.1984)).

**Rule 33**

Federal Rule of Civil Procedure 33 provides that a court "may grant a new trial to the defendant if required in the interest of justice."  The decision whether to grant or deny the motion is within the sound discretion of the trial court and will not be overturned unless the ruling is so

---

[2]In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

clearly erroneous as to constitute an abuse of discretion.  *U.S. v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994) (citing *United States v. Wilson*, 894 F.2d 1245, 1252 (11th Cir. 1990)).

**Analysis**

      The undisputed evidence in the case can be fairly summarized as follows:

1.      Hong manufactured a bogus $10 million instrument, ostensibly payable by the U.S. Treasury and bearing a legitimate Federal Reserve Bank routing number.  The check was payable to Rogozinski.[3]

2.      Defendant mailed the check to Rogozinski.

3.      Rogozinski deposited the check into his bank account.

4.      Rogozinski telephoned Hong to tell her that the check had been deposited and that he had been told that the funds would soon be available. Rogozinski and Hong then discussed how much of the money would go to Hong.

5.      Hong subsequently flew from Maryland to Florida, where she was arrested at a meeting with Rogozinski.

      In light of this evidence, the jury had more than sufficient evidence to determine that Hong intended for Rogozinski to deposit the "check" in his bank.  The financial instrument created by Hong looked like a real check and bore a genuine routing number.  When informed by Rogozinski (during a tape-recorded phone conversation, which the jury heard) of his "success" in depositing

---

[3]Hong apparently learned how to draft such an instrument at a seminar where she met Rogozinski.  Hong testified that attendees at the seminar were told they were entitled to funds from the United States Treasury because it was part of their Social Security trust.

the check into his bank account, Hong did not protest that the check was not intended to be deposited.  Instead, she discussed divvying up the proceeds and flying to Florida from Maryland to do so.  Finally, she actually did fly down to Florida to meet with Rogozinski.  All of this supports the notion that Hong intended for Rogozinski to deposit the bogus instrument in his bank, withdraw the proceeds once it cleared, and give some of the money to her.  None of it is consistent with the idea that Hong intended that the instrument be submitted to the U.S. Treasury to accomplish the transfer of funds from her so-called "Social Security trust" to Rogozinski's.  Among other issues, an instrument designed to accomplish such a transfer would not require a bank routing number, and an individual trying to accomplish such a transfer would have no reason to agree to take some of the money back, in cash.

**Conclusion**

There was sufficient evidence from which a reasonable jury could have found that Hong intended for the bogus instrument to be deposited and cashed by Rogozinski.  In addition, Hong has not shown that a new trial is required in the interest of justice.  Accordingly, it is hereby

**ORDERED** the motion for a judgment of acquittal (Doc. 157) and the motion for a new trial (Doc. 158) are **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 21, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal

-5-

United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Vira Hong